

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Bryan, Jr.
Criminal District Attorney
Hillsboro, Texas

Dear Sir:

Opinion No. O-2447
Re: Constitutionality of Art.
3116c, relating to pay-
ments by candidates for
state representative to
the County Executive
Committee

This is in reply to your letter of May 29, 1940,
requesting the opinion of this department as to the consti-
tutionality of Article 3116c, Vernon's Annotated Civil Sta-
tutes, relating to payments by candidates for state repre-
sentative to the County Executive Committee in certain
counties.

Article 3116c, Vernon's Annotated Civil Statutes,
reads as follows:

"Art. 3116c. That from and after the effec-
tive date of this Act, in all counties in this
State having a population of not less than forty-
three thousand (43,000) and not more than forty-
three thousand, one hundred (43,100), and in all
counties in this State having a population of not
less than sixty thousand (60,000) and not more
than sixty thousand, six hundred (60,600), and in
all counties of this State having not less than
ninety-eight thousand (98,000) nor more than ninety-
nine thousand (99,000), according to the last pre-
ceding Federal Census, and where such counties
constitute a Representative District, no person
who is a candidate in a primary election of such
counties, for nomination for State Representative,
including Flotorial Representative, in the Legis-
lature, shall have his or her name placed on such
primary ballot in such counties, unless and until

Honorable A. J. Bryan, Jr., page 2

he or she has paid to the County Executive Com-
mittee of the political party whose nomination
he or she seeks, the sum of Fifty Dollars ($50).

"It being the purpose of this Act to require
the payment of Fifty Dollars ($50) as a prerequisite
to having the name of the candidate placed on the
official ballot in any primary election in each and
all counties hereinabove set out."

Section 56 of Article 3 of the Constitution of Texas,
reads, in part, as follows:

"The Legislature shall not, except as other-
wise provided in this Constitution, pass any local
or special law, authorizing: * * *

"And in all other cases where a general law
can be made applicable, no local or special law
shall be enacted; provided, that nothing herein
contained shall be construed to prohibit the
Legislature from passing special laws for the
preservation of the game and fish of this State
in certain localities."

The following rules are pertinent to the problem at
hand:

"Classification of cities and counties by
population, and legislation applicable to such
classification, has generally been sustained
where a substantial reason appears for such
classification. * * *

"If the classification of cities or counties
is based on population, whether an act is to be
regarded as special, and whether its operation is
uniform throughout the State, depends upon whether
population affords a fair basis for the classifica-
tion with reference to the matters to which it re-
lates, and whether the result it accomplishes is
in fact a real classification upon that basis,
and not a designation of a single city or county
to which alone it shall apply, under the guise of

such classification. Parker-Washington Co. vs. Kansas City, 73 Kan. 722, 85 P. 781." Smith v. State, 120 Tex. Cr. 431, 49 S. W. (2d) 739.

"The classification adopted must rest in real or substantial distinctions, which renders one class, in truth, distinct or different from another class * * * There must exist a reasonable justification for the classification; that is, the basis of the classification invoked must have a direct relation to the purpose of the law * * *." I McQuillen on Municipal Corporations, pp. 498, 499.

It is clear that Article 3116e, by its terms, applies only to counties "having a population of not less than forty-three thousand and not more than forty-three thousand, one hundred, and in all counties in this State having a population of not less than sixty thousand and not more than sixty thousand, one hundred and in all counties of this State having not less than ninety-eight thousand and not more than ninety-nine thousand, according to the last preceding Federal Census * * * where such counties constitute a Representative District." Is Article 3116e repugnant to Section 56 of Article 3 of the Constitution of Texas? Is this an attempt on the part of the Legislature to enact a local or special law when a general law can be and has been made applicable? We hold that it is.

We are informed that Hill County, Texas, had a population of forty-three thousand and thirty-six, according to the 1930 Federal Census; Navarro County, Texas, a population of sixty thousand, five hundred and seven, according to such census, and McLennan County, Texas, a population of ninety-eight thousand, six hundred and eighty-two inhabitants. Each of these counties constitute a representative district under Article 198, Revised Civil Statutes, 1925. These are the only counties, moreover, under the 1930 Federal Census, to which Article 3116e will apply.

All counties other than those enumerated in Article 3116e and Article 3116d of Vernon's Annotated Civil Statutes, are provided for in the general statute, Article 3116. According to this Article, "no candidate for nomination for

State Senator or Representative in the Legislature shall be required to pay more than One Dollar ($1.00) to any county executive committee or any other person or any particular committee as his portion of such expense for holding such primary."

Conceding the power of the Legislature to classify according to population, is the classification here based on reasonable grounds?  Is there some difference in the counties in these population brackets, which bears a just and proper relation in the subject matter of the legislation?  Let us examine the practical operation of this statute.

Cherokee County, Texas, according to the 1930 Federal Census, had a population of forty-three thousand, one hundred and eighty.  The candidates for state representative in that county were required to pay to the County Executive Committee "not more than One Dollar ($1.);" yet candidates for representative in Hill County, Texas, such county having a population of only forty-four persons less than Cherokee County, Texas, were required under Article 3116c to pay over to the County Executive Committee fifty dollars.  Surely, here is a mere arbitrary and capricious selection of Hill County, the classification having no reasonable relationship to the subject matter of the enactment.

Insofar as the second population bracket is concerned, sixty thousand to sixty thousand, six hundred, according to the 1930 Federal Census, Navarro County, Texas, is the only county coming within it; yet Galveston County with a population of sixty-four thousand, four hundred and one, and Grayson County with a population of sixty-five thousand, eight hundred and forty-three inhabitants, as examples, are treated differently. Likewise, McLennan County with a population of ninety-eight thousand, six hundred and eighty-two inhabitants is the only county according to the 1930 Federal Census, falling within the bracket ninety-eight thousand to ninety-nine thousand. In counties above and below that population bracket candidates are accorded different treatment.  Just why candidates for election to the Legislature in Hill, Navarro and McLennan Counties should be required to pay fifty ($50.00) dollars to the County Executive Committee and candidates for the same office residing in counties of greater and less population should pay only one ($1.00) dollar is apparent neither from the statute nor any valid reason we can conceive.

See the recent case of Ex Parte Ferguson, 132 S. W. (2d) 406, wherein the Court of Criminal Appeals said:

"Moreover, the classification seems to be based merely on the numbers of people in the various counties not as to age, sex, or physical infirmities, or in any other manner which would appear to be a just or reasonable basis for classification. We are not unmindful of the power and authority of the Legislature to classify according to population, but such classification must be based on reasonable grounds - some difference which bears a just and proper relation to the attempted classification and not a mere arbitrary selection. Willoughby on the Constitution, Vol. 2, Sec. 485 (1910 Edition). This being true, we fail to see a reasonable basis for the classification in the instant case. Just why the people in Lamar County and the peoples of other counties falling within the prescribed population brackets should be accorded different treatment to the peoples of other counties of this State is apparent neither from the Act nor from the record before us."

Consequently, it is the opinion of this department and you are respectfully advised that Article 3116e, Vernon's Annotated Civil Statutes, being H. B. 1020, Acts 1939, 46th Leg., relating to payments to the County Executive Committee by candidates for state representative in certain counties is null and void, the same being repugnant to Sec. 56 of Article 3 of the Constitution of Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James D. Smullen

APPROVED JUN 19, 1940
_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

JDS:EP

APPROVED
OPINION
COMMITTEE
BY _Bush_
CHAIRMAN